plaint sets forth that on January 5, 1924, while the policy was in full force and effect, said Dolge was traveling from The Bronx to his home in Mount Vernon, Westchester county, N. Y., and while a passenger on a public conveyance, namely, "the Hunt's Point Station of New York, Westchester and Boston Railway," which is a common carrier of passengers, received an accidental injury, viz., a gunshot wound, inflicted by the discharge of a gun in the hands of an unknown person, and that the injury thus received resulted in Dolge's death within twenty-four hours.

*Julius Hallheimer* and *Hugo Levy* for appellant.
*Theodore H. Lord* and *Fred H. Rees* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.   Absent: POUND, J.

---

SAMUEL NAGLER, Respondent, *v.* JAMES BUTLER, INC., et al., Appellants.

*Negligence — master and servant — injury to window cleaner while in the course of employment.*

*Nagler v. But'er, Inc.*, 212 App. Div. 861, affirmed.
(Argued May 7, 1925; decided June 2, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 7, 1925, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendants. Plaintiff contended that while performing his work cleaning windows in the store of James Butler, Inc., he was injured through the negligence of defendant Mark Lawless, district superintendent of said defendant James Butler, Inc., who while acting within the scope of his employment entered the store and negligently struck against the ladder on which plaintiff was standing, throwing him to the floor and causing the injuries complained of.

42

*Clarence S. Zipp* and *E. C. Sherwood* for James Butler, Inc., appellant.

*Lillian Herbert Andrews* and *John H. Rogan* for Mark Lawless, appellant.

*Alfred M. Bailey* and *Nathan Frankel* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: POUND, J.

---

PHILIPPINE NATIONAL BANK, Respondent, *v.* BOWRING & COMPANY, Appellant.

*Bills, notes and checks — action to recover amount paid under commercial letter of credit.*

*Philippine Nat. Bank* v. *Bowring & Co.*, 213 App. Div. 809, affirmed. (Argued May 8, 1925; decided June 2, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 14, 1925, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court. The action was to recover $90,000 and interest, the amount alleged to have been paid by the plaintiff to one Umberto De Poli in Manila, Philippine Islands, under a commercial letter of credit issued by plaintiff upon the application of defendant. The defendant resisted such claim upon the ground that the plaintiff did not comply with the terms of the credit and further that under the circumstances of the admixture by plaintiff of transactions alleged to be for defendant's account with transactions for the plaintiff's individual account, the defendant should not be held responsible for transactions not shown specifically to have been for its account.

*Frederick B. Campbell* and *Paul C. Whipp* for appellant.

*John T. Loughran, James A. Delehanty* and *John W. Hannon* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: POUND, J.